UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:09-CR-0305-B-1 |
| | § | |
| | § | |
| SPENCER HOWARD, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Spencer Howard's Motion for Compassionate Release (Doc. 49). For the reasons that follow, the Court's Order (Doc. 52) is **VACATED** and the motion is **GRANTED**.

I.

BACKGROUND

On May 27, 2010, Howard was sentenced to fifty-one months of imprisonment and a supervised release term of five years to life for failure to register as a sex offender. Doc 22, J., 1–4. On February 20, 2020, while on supervised release, Howard was sentenced to eight months of imprisonment for violating terms of his release, including using illegal controlled substances, failing to successfully participate in sex-offender treatment services, and viewing pornography. Doc. 47, J., 1. Howard is sixty-six years old and confined at Seagoville Federal Correctional Institution (FCI), with a projected statutory release date of October 18, 2020.[1] Seagoville FCI currently has thirty-two

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last visited August 18, 2020).

-1-

active cases of the COVID-19 virus among prisoners, three active cases among staff, three deaths among staff, 1,317 recovered cases among prisoners, and twenty-five recovered cases among staff.[2]

Howard filed for compassionate release on July 28, 2020, citing severe asthma, chronic obstructive pulmonary disease (COPD), and hypertension. Doc. 49, Def.'s Mot., 1. The Government responded. The Court originally denied the motion because Howard failed to show exhaustion. Doc. 52, Order, 1–2. However, before the Order was docketed, Howard submitted evidence of exhaustion. *See* Doc. 53, Correspondence.

For the reasons that follow, the Court **GRANTS** Howard's motion.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission[.]" § 3582(c)(1)(A).

## III.

## ANALYSIS

Howard has proven exhaustion and demonstrated extraordinary and compelling reasons for

---

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited August 18, 2020).

his release. And because the 18 U.S.C. § 3553 factors do not militate against release, the Court grants Howard's motion.

A.   *Howard Has Exhausted His Administrative Remedies.*

Under § 3582(c)(1)(A) as amended by the First Step Act of 2018, the Court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

Here, Howard submits the warden's denial of his request for compassionate release, dated April 10, 2020. *See* Doc. 53, Correspondence, 1. This means that thirty days have passed since the warden received Howard's request for compassionate release. Therefore, Howard has exhausted his administrative remedies. *See United States v. Ezukanma*, 2020 WL 4569067, at *5–6 (N.D. Tex. Aug. 7, 2020).

B.   *Howard Demonstrates Extraordinary and Compelling Reasons That Warrant His Release.*

Howard has shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[3] Additionally, to qualify for a sentence reduction, the defendant must not pose a danger

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1.

to the community. § 1B1.13(a). However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

Howard has medical conditions—including COPD, severe asthma, and hypertension, *see* Doc. 49, Def.'s Mot., 1— that make him more susceptible to severe symptoms of COVID-19 should he contract the virus.[4] The Government seemingly concedes this point, instead arguing that Howard has not shown extraordinary and compelling reasons because he fails to show that he is not a danger to the community. *See* Doc. 51, Gov't's Br., 12 (citing, *inter alia*, U.S.S.G. § 1B1.13(2)). The Government cites Howard's "three prior convictions for sex offenses against minors and a history of failure to appear and non-compliance with supervision and registration requirements[,]" including in this case, as evidence of his danger to the community. *Id.* at 12–13.

The Court acknowledges Howard's history of criminality and non-compliance with the conditions of supervised release. Additionally, the Court does not overlook the nature of many of Howard's crimes, which relate to sex offenses against minors. *See* Doc. 51, Gov't's Br., 1. However, given that Howard has served nearly seventy-five percent of his sentence for violation of his

---

[4] For information regarding medical conditions that are linked to severe illness from COVID-19, see https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

supervised release and that he has a high probability of contracting severe symptoms should he contract COVID-19, any danger to the community is not outweighed by his other extraordinary and compelling reasons for compassionate release. The Court does note that it will be unlikely to hold the same way should Howard violate the conditions of his supervised release again.

Therefore, Howard has demonstrated shown extraordinary and compelling reasons at this time.

C.   *Consideration of the § 3553(a) Factors Does Not Warrant Denial of Compassionate Release.*

Similarly, the § 3553 factors do not warrant denial of Howard's compassionate-release motion. Before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. *See* §3582(c)(1)(A). Section 3353(a) requires the Court to consider seven factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense;" and "the kinds of sentences available[.]" § 3553(a).

The Government relies on the same evidence as above to argue that the § 3553 factors suggest that compassionate release should not be granted. *See* Doc. 51, Gov't's Br., 12.

However, given that Howard has served nearly seventy-five percent of his sentence and that he will remain on supervised release, the Court concludes that his now sixth-month, rather than eight-month, sentence still "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a). Howard will remain on supervised release for five years to life with special conditions of supervision, *see* Doc. 47, J., 3–5, and should he violate the conditions of release again, he is subject to punishment. *See* § 3553(a)(3)

(directing the Court to consider "the kinds of sentences available").

Finally, the Court has taken into consideration "the nature and circumstances of the offense and the history and characteristics of" Howard. *See id.* (a)(1). Here, the Court again notes the potentially indefinite length of Howard's supervised release, which contains special conditions. Doc. 47, J., 2.

Therefore, the § 3553(a) factors do not prevent Howard's release.

D.   *The Next Steps in Howard's Sentence Reduction*

Because Howard's sentence is reduced to time served, this order is stayed for **UP TO FOURTEEN DAYS**, for the verification of Howard's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Howard's safe release. Howard shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Howard to travel.

There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Howard's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

Howard must provide the complete address where he will reside upon release to the probation office in the district where he is released, because it was not included in the motion for sentence reduction.

Moreover, Howard's previously imposed conditions of supervised release are unchanged.

## IV.

## CONCLUSION

For the foregoing reasons, the Court's Order (Doc. 52) is **VACATED** and Howard's motion

(Doc. 49) is **GRANTED**. The Court advises the parties to Section III.D for the next steps they must take with respect to this Order.

**SO ORDERED.**

**SIGNED: August 18, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE